UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE MILLER,

    Plaintiff,

v.                                                                                          Case No: 8:20-cv-2693-KKM-JSS

MOHAMED ELVAGY and BLUE
PALMS CARE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("Motion") (Dkt. 6) and Second Amended Complaint ("Amended Complaint")[1] (Dkt. 7). For the reasons that follow, it is recommended that the Motion be denied and that Plaintiff's Amended Complaint (Dkt. 7) be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the

---

[1] Plaintiff's Second Amended Complaint (Dkt. 7) supersedes her prior Amended Complaint (Dkt. 5). *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends dismissal of Plaintiff's Amended Complaint for the reasons that follow.

In her Amended Complaint, Plaintiff alleges that on October 3, 2020, she returned home from the hospital to find that Defendants had changed her locks, stolen her property, and illegally evicted her. (Dkt. 7 at 2–5.) Plaintiff maintains that Defendants' actions violated unspecified fair housing laws, landlord tenant laws, and intellectual property laws. (Dkt. 7 at 5.)

As an initial matter, Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading because it is unclear which factual allegations and legal claims relate to which defendant. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). Specifically, in violation of Federal Rules of Civil Procedure 8(a) and 10(b), Plaintiff's Amended Complaint does not divide her legal claims into distinct counts or distinguish which count or factual allegations relate to which defendant.

In addition, Plaintiff fails to allege a basis for federal jurisdiction. To present a claim under the Fair Housing Act ("FHA"), a plaintiff must show that:

> (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were

> motivated by an intent to discriminate. "Interference" is more than a "quarrel among neighbors" or an "isolated act of discrimination," but rather is a "pattern of harassment, invidiously motivated."

*Block v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (cites omitted); *see generally* 15 Am. Jur. 2d Civil Rights § 390 (collecting cases).

Here, Plaintiff's Amended Complaint alleges only an ordinary landlord tenant dispute, not a violation of the FHA or any other federal law. Federal courts have determined that landlord-tenant dispossessory actions generally do not raise a federal question. *See, e.g.*, *Round Valley Housing Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) ("Because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction."); *Housing Auth. of City of Bayonne v. Hanna*, Civil Action No. 08-5988, 2009 WL 1312605, *2 (D.N.J. May 11, 2009) (citing cases for the proposition that federal courts do not have subject matter jurisdiction over state eviction actions); *see also Ally v. Sukkar*, 128 Fed. Appx. 194, 195 (2d Cir. 2005) (noting that federal courts "simply" do not have jurisdiction over a landlord-tenant dispute). Thus, Plaintiff has not presented any basis for this Court to exercise jurisdiction over her claims.

The Court finds that Plaintiff's Amended Complaint fails to satisfy Rules 8(a) and 10(b), and fails to allege a basis for federal jurisdiction. Accordingly, the Court will recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 6) be **DENIED** without prejudice.

2. Plaintiff's Amended Complaint (Dkt. 7) be **DISMISSED** without prejudice and with leave to file an amended petition that complies with the Federal Rules of Civil Procedure.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted).  The undersigned recommends that the amended petition, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on February 24, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn K. Mizelle
Counsel of Record