# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARIE MILLER,

    Plaintiff,

v.                                          Case No: 8:20-cv-2693-KKM-JSS

MOHAMED ELVAGY and BLUE
PALMS CARE,

    Defendants.
_____/

## ORDER

This matter is before the Court on consideration of the United States Magistrate Judge's Report and Recommendation (Doc. 11), filed on February 25, 2021, recommending that Plaintiff Marie Miller's Motion to Proceed *In Forma Pauperis* (Doc. 6) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). No objections were filed. Considering the record and the Magistrate Judge's Report and Recommendation, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation; **DENIES** Plaintiff's motion; and **DISMISSES** the case **WITHOUT PREJUDICE** with leave to filed an amended petition that complies with Federal Rules of Civil Procedure.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing all legal conclusions de novo, the Court adopts the Report and Recommendation. The report recommends that Plaintiff's request to proceed *in forma pauperis* be denied because Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading, *see Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' "), and because Plaintiff fails to allege a basis for federal jurisdiction. The Court agrees that Plaintiff's complaint fails to comply with Rule 8(a)(2) and Rule 10(b), and that the Plaintiff does not allege a violation of federal law such that this Court may exercise jurisdiction. Plaintiff alleges only a violation of "Landlord/Tenant Law," which is a not a federal question and therefore not subject to this Court's jurisdiction. *See* 28

U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Brina Invs., Inc. v. Martin*, No. 1:19-CV-5517-MHC-CCB, 2019 WL 11343471, at *1 (N.D. Ga. Dec. 26, 2019) (adopting final report and recommendation concluding that the Court had no jurisdiction over a dispossessory action).

Accordingly, it is now **ORDERED**:

(1) The **Report** and **Recommendation** (Doc. 11) is **ACCEPTED** and **ADOPTED** and is made a part of this Order for all purposes, including appellate review.

(2) Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 6) is **DENIED without prejudice**.

(3) Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED without prejudice** with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. The amended complaint, if any, is due by March 31, 2021. Failure to file an amended complaint by this deadline shall result in this action being closed without further notice.

**ORDERED** in Tampa, Florida, on March 11, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge